### James Pease v. People ex rel. W. N. Perll.

1. STATUTES—*Rules of Interpretation.*—A statute must be interpreted according to its intent and meaning, and reasonably, so as to accomplish its general object. The different sections of a statute relating to the same subject, should be construed together in arriving at the legislative intent.

2. SAME —*Interpretation of Sec. 12, Art. 18, Ch. 79, R. S.*—Section 12 of Article 18, Chapter 79, R. S., entitled "Justices and Constables," providing for no imprisonment without a conviction of a jury, does not exempt a defendant from imprisonment where he fails to appear and make a defense.

Habeas Corpus.—Trial in the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Petitioner discharged and judgment against respondent for costs; appeal by respondent. Heard in this court at the October term, 1898. Reversed. Opinion filed April 17, 1899.

CATLIN, MOULTON, & WEBBER, attorneys for appellant; JOHN C. EVERETT, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

A petition for habeas corpus on behalf of W. N. Perll, showing that he was imprisoned by appellant, the sheriff of Cook county, by virtue of an execution against his body issued by a justice of the peace upon a judgment before the justice entered on the verdict of a jury, he, the defendant, being defaulted and no execution having been issued against his goods and chattels, was heard before the Circuit Court and said Perll discharged, and a judgment for costs rendered against the sheriff, from which he has appealed.

The only question presented by the brief is as to the validity of the judgment for costs. The evidence shows that the suit, the hearing of which resulted in the judgment against Perll, was replevin; that the property was not found. Perll was served, but failed to appear at the time set for trial; the action proceeded in trover, the plaintiff asked a jury; a jury was called; the proceedings were in the usual form of jury trials before a justice of the peace; after the evidence was heard, a verdict was returned, viz.:

" We, the jury, find the defendant guilty of willfully and maliciously converting to his own use two bicycles, the property of the plaintiff, with intent to cheat and defraud the plaintiff, to the damage of plaintiff of sixty-eight dollars ($68.00)."

On this verdict the justice entered judgment in trover and after the lapse of twenty days issued an execution against the body of Perll, which was returned " not found " as to Perll, no property found and no part satisfied. An alias execution was issued against the goods and chattels of Perll, and for want of such goods, then against his body, etc., which was returned, viz.:

" By virtue of the within writ I have made diligent search for the goods and chattels of the within named defendant,

whereupon to levy the same, and being unable to find any, did on this 13th day of April, A. D. 1898, take the body of the said within named W. N. Perll and deliver him to the keeper of the jail of said county of Cook as within I am commanded.

JOSEPH HIGGINS, Constable."

The Justice Act (S. & C., Ch. 79, Par. 48) is, viz.:

"In all cases of trial before a justice either party may have the cause tried by jury if he shall so demand before the trial is entered upon, and will first pay the fees of the jurors," etc.

Paragraph 38 is, viz.:

"If the defendant shall not appear at the time of trial, after giving bail, or after being served with summons, and no sufficient reason be assigned to the justice why he does not appear, the justice shall proceed to hear and determine the cause, but shall not give judgment in favor of the plaintiff unless the plaintiff shall fully prove his demand in the same manner as if the defendant were present and denied the same," etc.

Paragraph 39 is, viz.:

"When the parties shall appear and be ready for trial, the justice shall proceed to hear their respective allegations and proofs," etc., etc.    "If the action is for a tort, the judgment shall be for the plaintiff for the damages proved and costs of suits, or if no damages are proved the judgment shall be against the plaintiff for costs."

Paragraph 120 is, viz.:

" On all judgments in actions in tort or where the defendant is in custody or has been held to bail upon a capias as provided in this act, the justice may issue an execution against the body or goods and chattels of the defendant at the election of the plaintiff."

Paragraph 175 is, viz.:

" No person shall be imprisoned for non-payment of a fine or a judgment in any civil, criminal, *quasi* criminal or *qui tam* action, except upon conviction by a jury," etc.

A statute must be interpreted according to its intent and meaning and reasonably so as to accomplish its general object.    The different sections of a statute relating to the

same subject, should be construed together in arriving at the legislative intent. Sutherland on Staty. Constn., Sec. 215, 239 *et seq.;* Home Ins. Co. v. Swigert, 104 Ill. 653–64.

The statute, as we have seen, provides that either party may have the cause tried by a jury. It also says (Sec. 39) that when the parties shall appear and be ready for trial, the justice shall proceed to hear their respective allegations and proofs, and also (Sec. 38) when the defendant does not appear, " the justice shall proceed to hear and determine the cause, but shall not give judgment in favor of the plaintiff unless the plaintiff shall fully prove his demand in the same manner as if the defendant were present and denied the same."

These two sections provide for the same course of procedure whether the defendant be present or absent. Both sections say " the justice shall proceed to hear," etc., which manifestly means that he should hear the proof himself, or if the plaintiff in the exercise of his right, under section 48, calls for a jury, he should in the first instance submit the proof to a jury. If there were any doubt as to this being the duty of the justice, we think a consideration of Secs. 120 and 175 removes it.

Section 120 provides for an execution against the body of a defendant on judgments in actions in tort, but Sec. 175 makes imprisonment for non-payment of such a judgment unlawful, except upon conviction by a jury. It can not be possible that the legislature intended after providing for a jury trial to either party and execution against the body of the defendant on a judgment in case of tort when he appeared and defended the action, he should be exempted from such liability if he failed to appear and make a defense. Such a construction of the statute would be most unreasonable, and should not be indulged.

It appearing that the judgment in this case was in tort, based upon the verdict of a jury of twelve men, that the defendant willfully and maliciously converted property with intent to cheat and defraud the plaintiff, and on account of such conversion the judgment was rendered, the execution

against his body was proper and his imprisonment legal. The fact that he failed to appear and defend the case is immaterial. He should not have been discharged, and therefore the judgment against appellant for costs was erroneous and is reversed.